WHAT IS THE STATUS OF THE SHERIFF OF MUSKOGEE, WHOSE CONVICTION BY THE FEDERAL DISTRICT COURT OF MUSKOGEE WAS LATER AFFIRMED BY THE UNITED STATES COURT OF APPEALS AND HAS NOW BECOME FINAL THROUGH THE ACTION OF THE SUPREME COURT OF THE UNITED STATES, WE REFER TO THAT PORTION OF YOUR LETTER IN WHICH YOU EXPRESS YOUR OPINION THAT THE OFFENSE OF WHICH SHERIFF BRIGGS HAD BEEN CONVICTED WAS ONE "INVOLVING A VIOLATION OF HIS OFFICIAL OATH" AND ASK THE ATTORNEY GENERAL OPINION UPON SUCH INQUIRY. RESPONSE: IT SEEMS CLEAR AS TO BE BEYOND A REASONABLE DOUBT THAT THE OFFENSE OF WHICH SHERIFF BRIGGS HAD BEEN CONVICTED WAS BASED UPON ACTS WHICH WERE IN DIRECT VIOLATION OF HIS OATH OF OFFICE AND HIS DUTIES AS SHERIFF, UNDER THE STATUTES AND CONSTITUTION OF THIS STATE. YOU ARE ADVISED THAT IN ADDITION TO THE REASONS SET FORTH, THE ATTORNEY GENERAL CONCURS IN YOUR OPINION THAT THE OFFICE OF SHERIFF OF MUSKOGEE COUNTY HAS BECOME VACANT DUE TO THE CONVICTION OF SHERIFF BRIGGS OF AN "OFFENSE INVOLVING A VIOLATION OF HIS OFFICIAL OATH" AS CONTEMPLATED OF 51 O.S. 8 [51-8], 51 O.S. 10 [51-10] SHERIFF BRIGGS AND FRED PAYNE INTENDED TO ESTABLISH A CONSPIRACY FOR OPERATIONS OF A LIQUOR WHOLESALE BUSINESS MUSKOGEE (1949). CITE: ARTICLE XV, SECTION 1, 37 O.S. 94 [37-94] (CRIMINAL CONVICTION, PUBLIC OFFICE, VACANT OFFICE, ELECTED OFFICIAL)